**In the Matter of Jerald W. PAYNE, Debtor.**

**Rosemary BRUNSON, Plaintiff,**

v.

**Jerald W. PAYNE, Defendant.**

**Bankruptcy No. BK–LV 80–0798. Adv. No. 80–00165.**

United States Bankruptcy Court, D. Nevada.

March 18, 1981.

Randall Gaither, Salt Lake City, Utah, for plaintiff.

Thomas Burns, of Burns & Pritchard, North Las Vegas, Nev., for defendant/debtor.

## MEMORANDUM OPINION

LLOYD D. GEORGE, Bankruptcy Judge.

By way of her present COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBT, the above-named Plaintiff seeks to have declared non-dischargeable a) a divorce settlement obligation requiring the Debtor/Defendant to hold the Plaintiff harmless with respect to monthly mortgage payments on a residence located at 1656 West 14600 South, Riverton, Utah, and b) a judgment debt in the amount of $6,850.42, which was awarded to the Plaintiff because of the failure of the Debtor/Defendant to abide by the aforementioned divorce settlement agreement in the past. The statutory basis for the Plaintiff's prayer is 11 U.S.C. § 523(a)(5). Having found that the debt in question represents a settlement of property rights and is not in the nature of alimony, maintenance, or support, the Court will deny the Plaintiff's COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBT.

### I. BACKGROUND

On or about August 13, 1976, the Honorable Stewart M. Hanson, Jr., of the District Court of the Third Judicial District, in and for Salt Lake County, State of Utah, entered a Decree of Divorce with respect to the marriage of the parties herein. A Stipulation and Property Settlement Agreement were incorporated by reference in the Decree of Divorce. This agreement contained a provision ordering the Debtor/Defendant, Jerald W. Payne to pay certain sums "in lieu of alimony payments to wife and in settlement of all property rights between husband and wife, . . .".

On August 25, 1980, the Debtor/Defendant, Jerald W. Payne, filed Chapter 7 proceedings in the United States Bankruptcy Court for the District of Nevada. The Plaintiff's Complaint Objecting to Dischargeability of Debt was filed on October 20, 1980. Trial of this adversary proceeding was held before this Court on February 6, 1981.

## II. ISSUE

The issue presented in this case is whether the payments required of the Debtor/Defendant are to be characterized as spousal alimony, maintenance, and/or support, so as to make them nondischargeable in these bankruptcy proceedings.

## III. ANALYSIS OF THE FACTS AND THE LAW

11 U.S.C. § 523(a)(5), the controlling Bankruptcy Code section, provides as follows:

"(a) A discharge under section 727, 1141 or 1328(b) of this title does not discharge an individual debtor from any debt—

. . . .

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of both spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

. . . .

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance or support; . . . ."

These Code sections set forth the requirements that the debt must be to the spouse and or child and that the payments are to be designated as alimony, maintenance or support, and that the Court may further ascertain the actual nature of such payments. The Decree of Divorce granted to the parties states that the "[d]efendant is awarded no alimony." Paragraph 10. The Stipulation and Property Settlement Agreement entered into by the parties and incorporated by reference into the Decree for Divorce, Paragraph 4, states that this agreement was rendered "[i]n lieu of alimony payments to wife and in settlement of all property rights between husband and wife. . . ." The clear import of the language contained in these documents indicates that the intent of the parties as to the treatment of payments to be made under the provisions of these documents was that they were to be deemed a property settlement. It is apparent, from this language, that there was, in fact, an express waiver of alimony by the Plaintiff. Additionally, in this regard, the Court finds it significant that the payments relating to the Plaintiff's house were specifically to be paid directly on the deed of trust, and not to the Plaintiff.

If the Court is not to be governed exclusively by the words of the documents presented, then other substantial evidence should have been presented such as the tax treatment by the parties of the payments made by the Debtor/Defendant. At the time of trial, no evidence was presented as to this, or any other relevant factors, that would support the contention that these payments were in the nature of alimony. In the absence of such evidence, the Court is left to base its opinion solely upon the aforementioned divorce court documents.

In attempting to provide a basis for future predictability in cases such as this and to make a certain determination in the instant case, the Court must not be left to guess as to the intention of the parties. Therefore, in the absence of any evidence as to the degree to which the Utah divorce court's award was meant to be alimony or support, the Court must find the whole decree obligation to result from a settlement of marital property rights.

## IV. CONCLUSION

Based upon the documents and evidence presented and in the absence of any meaningful evidence as to the intent of the parties by other evidence indicating an intent contrary to the language of the agreement, decree and related documents. This Court finds that the payments, as set forth by the parties, are not actually in the nature of alimony, maintenance, or support as set forth in 11 U.S.C. § 523(a)(5) and that such are, therefore, dischargeable in these bankruptcy proceedings.

The Court will prepare its own judgment in this matter. This Memorandum Opinion

shall serve, for all purposes and pursuant to Federal Bankruptcy Rule 752, as the Findings of Fact and Conclusions of Law of the Court in this proceeding.