**In re Willard Ray BRACE, Debtor.**

**Willard Ray BRACE, Plaintiff,**

**v.**

**Peter L. MORAN, Esq., and Lulu Brace, Defendants.**

**Bankruptcy No. 80–0451.
(Related Case: 80–01120).**

United States Bankruptcy Court,
N. D. Ohio, W. D.

July 16, 1981.

Michael D. Reed, Sr., Toledo, Ohio, for plaintiff.

Peter L. Moran, Toledo, Ohio, for defendants.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause came to be heard upon Plaintiff's Complaint to Determine Dischargeability of a Debt. At the pre-trial on January 7, 1981, both parties consented to a judgment based upon the briefs filed.

### FACTS

The Court makes the following findings of fact:

1. The Debtor, Willard Ray Brace and Defendant, Lulu Brace were married June 19, 1970. A divorce resulting from this marriage was granted on March 19, 1980, in the Lucas County Common Pleas Court, Domestic Relations Division. No children were born of the marriage.

2. Both the Debtor and the Defendant Lulu Brace consented to a proposed settlement of their assets by the referee in the Domestic Relations Court.

3. The Order of the Domestic Relations Court stated the following:

"5. IT IS FURTHER ORDERED, that in accordance with the oral agreement made between the parties, that:

A. The residence of the parties at 711 Berry Street, Toledo, Ohio, shall be sold and if not sold, shall be deeded back to the Kissell Company, and any arrearages due on the note and mortgage shall be paid by plaintiff and plaintiff shall save the defendant harmless therefrom; net proceeds from sale to be divided equally between the parties.

B. The plaintiff shall pay all the debts of the marriage, including all medical expenses for the defendant, through March 11, 1980;

C. Each party to retain the furniture and household goods now in his possession;

D. The plaintiff shall pay as alimony, the sum of Fifty Dollars ($50.00) per week, plus 1½% poundage, payable through the Lucas County Bureau of Support, Court House, Toledo, Ohio, until the defendant's death or remarriage, or for a period of five (5) years, whichever occurs first, first payment due as of March 14, 1980, and that Enterprise Roofing & Sheet Metal Co., plaintiff's employer, be and it hereby is ordered to withhold said Fifty Dollars ($50.00) per week, plus 1½% poundage ($.75) for a total to be withheld of Fifty and 75/100 Dollars ($50.75) per week, and forward the same to the Lucas County Bureau of Support, Court House, Toledo, Ohio 43624, for disbursement to the defendant;

E. The parties shall file a joint federal and state income tax return, with any refunds to be divided equally between the parties;

F. That the plaintiff is in arrears in the sum of Forty Dollars ($40.00) on the temporary support order, which plaintiff shall pay to defendant;

G. That the plaintiff shall pay as alimony to apply on expense of suit herein, the sum of Four Hundred Dollars

($400.00) to be paid out of his portion of the income tax refund check.

6. IT IS FURTHER ORDERED, that the plaintiff pay the costs herein and that final record be dispensed with."

4. The Debtor was further ordered by the Domestic Relations Court on June 13, 1980 to pay $90.00 in attorney fees and court costs in response to Defendant Lulu Brace's Motion to Show Cause why Willard Brace failed to follow the March 19, 1980 order of the Court.

5. On July 14, 1980, Debtor filed a Voluntary Petition under Chapter 7 of the Bankruptcy Reform Act of 1978.

### STATEMENT OF LAW

The issues to be resolved in this case are twofold:

1. Whether under § 523(a)(5) of the Bankruptcy Code, the debts of the marriage are to be found nondischargeable; and

2. Whether the attorney's fees and related court costs associated with the divorce proceeding are nondischargeable under § 523(a)(5).

The Code in § 523(a)(5) sets out the exceptions to discharge, specifically those debts stemming from a divorce proceeding, in the following manner:

"§ 523. Exceptions to discharge.

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—
. . . .

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of both spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support; . . . ."

Upon a review of the cases concerning the dischargeability of the attorney's fees awarded to a spouse in a divorce proceeding, the Courts are very much in accord. In effect, the awards of attorney's fees were treated as alimony in most of the cases, even though the debt was owed directly to a third party. *In re Knabe,* 8 B.R. 53 (Bkrtcy.S.D.Ind.1980); *Matter of Sturgell,* 7 B.R. 59 (Bkrtcy.S.D.Ohio 1980); *In re Bell,* 5 B.R. 653 (Bkrtcy.W.D.Okl.1980); *In re Pelikant,* 5 B.R. 404 (Bkrtcy.N.D.Ill.1980); *In re Diers,* 7 B.R. 18 (Bkrtcy.S.D.Ohio 1980); *Matter of Tope,* 7 B.R. 422 (Bkrtcy. S.D.Ohio 1980); *In re Demkow,* 8 B.R. 554 (Bkrtcy.N.D.Ohio 1981); *In re Cleveland,* 7 B.R. 927 (Bkrtcy.D.S.D.1981); *In re Wells,* 8 B.R. 189 (Bkrtcy.N.D.Ill.1981).

The Court in the *Matter of Spong,* 3 B.R. 619 (Bkrtcy.W.D.N.Y.1980), represented a divergent view by determining that a debt of attorney's fees arising out of a divorce was dischargeable if the award was made payable to the attorney and not to the former spouse.

■ This Court, however, concurs with the majority view and thereby finds that the award of attorney's fees, whether payable to the former spouse or to the attorney, is in the form of alimony and thus nondischargeable under § 523(a)(5).

It appears the case law is not as well-settled on the issue of holding a spouse harmless on the debts of the marriage.

Cases under the Act were quite clear, in that as stated in *In re Waller,* 494 F.2d 447 (6th Cir. 1974), "the law of Ohio must be resorted to in order to determine what constitutes alimony, maintenance and support. . . ." However, with the enactment of the Bankruptcy Code, this issue has been clouded by the legislative history of § 523 which in pertinent part states the following:

"What constitutes alimony, maintenance, and support, will be determined under the bankruptcy laws, not State law. Thus cases such as *In re Waller,* 494 F.2d 447 (6th Cir. 1974) . . . are overruled, and the result in cases such as *Fife v. Fife,* 1 Utah 2d 281, 265 P.2d 642 (1952) is followed."

554

The thrust of the Bankruptcy Code is directed at rehabilitating the Debtor and allowing him a fresh start, which is the same as it was under the Act. However, the new Bankruptcy Code has made several changes in the law of dischargeability. What was once nondischargeable may now be determined dischargeable. For further discussion of the change in law regarding the alimony issue, see *In re Pelikant*, 5 B.R. 404 (Bkrtcy.N.D.Ill.1980); *In re Warner*, 5 B.R. 434 (Bkrtcy.C.D.Utah 1980); *In re French*, 9 B.R. 464 (Bkrtcy.S.D.Cal.1981).

 The Bankruptcy Court is not required to accept as determinative those statements in the divorce or a similar decree that particular debts are in the nature of alimony or property settlement. Rather, the Court will look at the substance of the decree to see if the obligations were indeed necessary for the support and maintenance of the spouse and children. Characterization of a debt in a bankruptcy proceeding is a federal question which is governed by federal law and policy. *In re Warner*, supra. Each case, therefore, must be decided upon its own merits after a review of the respective facts and surrounding circumstances.

 If the debts are unassociated with the support and maintenance of the spouse and children they do not come within the intent of the statute and hence are dischargeable. This Court finds the debts to Thorp Credit, J. C. Penney, Montgomery Ward, CIT Finance, and Credit Thrift are debts of this type. They are essentially of a property settlement nature, not necessary for the support and maintenance of the spouse in this case, and therefore are dischargeable.

The remaining debts, however, are medical bills. It was indicated in Defendants' brief and in their attached Exhibit A, Lulu Brace is in poor health and may be unemployable. Exhibit A, an Insurance Benefit Request Form, evidences the fact that Lulu Brace was suffering from diabetes and hypertension. The divorce decree specifies that Willard Brace is to pay those medical expenses of Lulu Brace, totalling approxi-

mately $405.17, up to and including the date of March 11, 1980. This Court does not believe that the payment of these debts would be too great a burden on the Debtor. It appears Defendant Lulu Brace is unemployable and receives only $50 per week of periodic alimony (which according to the decree will last only 5 years) and $41 per month in food stamps.

 It is this Court's opinion that medical expenses such as those listed here fall within the purview of the support and maintenance aspect of section 523. It is not the purpose of this Court to relieve the Debtor to such an extent that he may neglect his duties to his ex-spouse and thereby force her into bankruptcy. These medical services have been necessary for Lulu Brace's physical, mental and emotional well-being; therefore this Court finds the medical debts to be not in the nature of a property settlement, but rather in the nature of maintenance and support and thus nondischargeable as alimony.

In so reaching this conclusion, the Court has considered all the evidence presented whether or not referred to specifically in the opinion above. It is therefore

ORDERED, ADJUDGED AND DECREED that the debts to Lulu Brace for the attorney's fees and court costs incurred in the divorce proceedings and the medical debts are nondischargeable pursuant to Section 523(a)(5) of the Bankruptcy Code. The other debts of the marriage specified above as not falling within the exceptions to discharge in Section 523(a)(5) are dischargeable.

The Complaint of the Plaintiff is hereby granted as to the amounts represented by the "Other Debts" listed in the Stipulation, Page 4 of Defendants' brief. The other debts: medical, attorney's fees, and court costs are hereby found to be nondischargeable.