In re Charles J. CONRAD, Sr., Debtor.

Charles J. CONRAD, Sr., Plaintiff,

v.

Shirley CONRAD, Defendant.

**Bankruptcy No. 82–0426.
Related Case: 81–00893.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

Sept. 23, 1983.

Vaughn A. Hoblet, Toledo, Ohio, for plaintiff.

Margaret K. Weaver, Fremont, Ohio, David A. Zeitzheim, Oak Harbor, Ohio, for defendant.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause came before this Court for Trial on a Complaint to Determine Dischargeability of Debt filed by the Plaintiff-Debtor in Adversary Case No. 82–0426. It also comes before this Court on a similar Complaint filed by the Debtor's ex-wife in Adversary Case No. 82–0470. Inasmuch as these cases address the same factual circumstances and issues of law, this Court Ordered their consolidation on August 5, 1982. In the resulting action the Debtor-Husband will be referred to as the Plaintiff and the ex-wife will be referred to as the Defendant.

## FACTS

The parties have agreed to present this case primarily by way of depositions, exhibits, and briefs. However, on May 12, 1983, a Trial was conducted, at which the Plaintiff offered some additional evidence. The Court has reviewed the evidence, depositions, and briefs and finds the following facts:

1.) The parties were married on October 18, 1969. Five children were born within that marriage.

2.) On February 16, 1984, the Defendant's mother conveyed to the Defendant a ninety-nine (99) acre parcel of property. This property served as the family residence during the marriage.

3.) On August 11, 1980, the parties executed a mortgage with the John Hancock Company which covered the ninety-nine (99) acre tract and three (3) other parcels. The ninety-nine (99) acre property was also subject to a mortgage to the Home Banking Company.

4.) On December 17, 1981, a divorce decree was granted between the parties. Custody of the children was awarded to the Defendant. She and the children currently reside on the ninety-nine (99) acres.

5.) The divorce decree incorporated a separation agreement that was signed by both parties. According to that agreement, the Defendant was awarded the ninety-nine (99) acres, a 1978 Jeep Wagoneer, and a 1979 BMW motorcycle. Both of these vehicles have been repossessed. The Plaintiff was also required to pay "all debts of the marriage", including the Defendant's attorney's fees. The divorce decree further provided that the Defendant receive all the

household goods and personal belongings presently in her possession.

6.) In connection with the mortgages on the ninety-nine (99) acres, the debts on the vehicles, and "all the debts of the marriage", the divorce decree required that the Defendant was to be "held harmless" by the Plaintiff.

7.) Since his divorce from the Defendant the Plaintiff has remarried. He has had two children with his present wife. The first of these was born during his marriage to the Defendant and the second during the present union.

8.) The divorce decree requires the Plaintiff to pay Twenty-five and no/100 Dollars ($25.00) per week, per child, to the Defendant as child support. He is approximately Twelve Hundred and no/100 Dollars ($1,200.00) in arrears.

## LAW

The issue presented by this action is whether or not the debts on the Jeep Wagoneer, motorcycle, attorney fees, ninety-nine (99) acre property, and "other debts of the marriage" are dischargeable in bankruptcy. Specifically, the question presented is whether or not these debts are in the nature of alimony, support and maintenance to a former spouse and children. This determination must be made in accordance with 11 U.S.C. § 523(a)(5) which states in pertinent part:

"(a) A discharge under section 727, 1141, or 1328(b) of title does not discharge an individual debtor from any debt—(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of both spouse or child, in connection with a separation agreement, divorce decree, or property settlement, but not to the extent that—(B) such debt includes a liability designated as alimony, maintenance or support, unless such liability is actually in the nature of alimony, maintenance, or support...

It is well established that this Court is not required to accept as determinative those statements within a divorce decree which establish particular obligations as alimony or property settlement arrangements. *In re Brace,* 13 B.R. 551 (Bkrtcy.N.D.Ohio 1981). The fact that a divorce decree titles certain obligations as either alimony or property settlements does not require this Court to hold them as such for purposes of a bankruptcy proceeding. *In re Lineberry,* 9 B.R. 700 (Bkrtcy.W.D.Mo. 1981). The Bankruptcy Court must examine the facts and circumstances of each case and make its own determination as to which obligations constitute alimony, maintenance and support. *In re Hoover,* 14 B.R. 592 (Bkrtcy.N.D.Ohio 1981).

As explained in *In re Brace,* supra, it has been consistently held that the award of attorneys fees by a divorce decree is a debt that is not dischargeable. While some distinctions of such an obligation have been drawn when the debt is to be paid directly to the attorney, it is not the controlling view in the majority of jurisdictions. This Court is among the majority. The Plaintiff has offered no argument which would justify a modification of that view. Therefore, the debt for the attorney fees must be held non-dischargeable.

The Debtor's obligation to his former family does not discontinue upon divorce. 41 Ohio Jur.2d *Parent and Child* § 36. The fact that the Debtor has remarried does not lessen that obligation. Prior decisions have consistently recognized that a significant part of the duty that is owed by a debtor to their former family is the provision of an adequate place to live. *In re Voss,* 20 B.R. 598 (Bkrtcy.N.D.Iowa 1982). In determining whether or not a divorce decree's requirement to pay the mortgage on an ex-spouse's residence constitutes support and maintenance, the Courts have regarded the inclusion of a "death or remarriage" clause as a significant factor in that determination. *See, In re Ferradino,* 14 B.R. 196 (Bkrtcy.Nev.1981). If the debtor's obligation terminated upon the death or remarriage of his ex-spouse the debt could be characterized as support, inasmuch as the obligation to provide shelter would have either ceased or transferred.

*Matter of Payne,* 13 B.R. 481 (Bkrtcy.Nev. 1981), *Matter of Hughes,* 16 B.R. 90 (Bkrtcy.N.D.Ala.1981). However, the Courts have also considered other factors in making this determination. These factors include the disparity of earning power, the need for economic support and stability, the presence of minor children, and marital fault. *In re Hoover,* supra. Where some or all of these factors are present the Court must balance the needs of the parties.

■ In the present case the divorce decree does not make any provision with regard to death or remarriage of the Defendant. However, a review of the record finds that the Defendant is a licensed professional nurse, but has not worked since 1971. She gave up her career at the time of her marriage to the Plaintiff in order to raise a family. Her time has been devoted towards that responsibility. The youngest of five children will start school in the Fall of 1984, but will only be attending for one-half day sessions. Although she is receiving the cash rents from the people who farm the tillable portions of the ninety-nine acres, these proceeds are barely sufficient to pay her current bills and expenses. There is no money available from these proceeds to apply to the mortgage.

The Debtor has been employed since approximately 1968 and currently nets Two Hundred Twenty and no/100 Dollars ($220.00) every week. He has some knowledge of farming, but is not currently engaged in that field. The record reflects that the Plaintiff fathered a child during, but outside of the marriage to the Defendant. He is presently married to the woman who bore that child, and has had a second child within his second marriage.

It is apparent from this comparison that the Debtor is in a substantially better position to provide for the Defendant and her children. The Debtor has, by his assention to the Separation Agreement, recognized the obligation by agreeing to hold the Defendant harmless on all mortgages against her property. However, he cannot be excused from the responsibility in light of the Defendant's prevailing economic circum-

stances. In this case the Defendant's need for economic security and stability, her inability to seek outside employment due to her responsibilities to the children, and the apparent behavior during the marriage are factors which, in this case, outweigh the absence of a death or remarriage clause. Therefore, it must be concluded that the provision requiring the Plaintiff to pay the mortgages on the Defendant's ninety-nine (99) acres is not dischargeable.

■ As discussed in *Smotherman v. Smotherman,* 30 B.R. 568 (Bkrtcy.N.D.Ohio W.D.1983), transportation is an essential commodity in providing for a family of minor children. A review of the record finds that the 1978 Jeep Wagoneer was repossessed in December of 1982. This left the Defendant without any means of transportation. She has been relying on her mother and friends for such services since that time. The divorce decree held that the vehicle should be awarded to the Defendant and that the Plaintiff was to seek permission to reaffirm the debt. However, the creditor holding the security interest in the vehicle would not enter into an agreement of reaffirmation. Both because of the continuing obligation to provide for the welfare of the former family and the necessity of a dependable vehicle for everyday and emergency transportation, this debt must be considered as an obligation which provides maintenance and support. Therefore, it must be held that the debt is not dischargeable.

The next debt to be considered is the obligation on the 1979 BMW motorcycle. This vehicle was repossessed by the creditor in 1980. While a motorcycle may provide a form of recreation and a limited means of transportation, it is not necessary for the safety and well-being of the Defendant's family. In light of the decision regarding the Jeep Wagoneer this Court cannot hold that the Plaintiff should be required to pay for something which contributes little benefit to the Defendant's welfare. Therefore, this debt would be dischargeable.

■ The remaining debts which must be considered are what the divorce decree titles "all debts of the marriage". Upon this Court's inquiry of counsel it has been learned that these debts include the debt to the Plaintiff's parents and the debt to Household Finance Co. The former is for monies that were extended in furtherance of the Plaintiff's farming operations. It was secured by mortgages on the farmlands and a right to sharecrop. The latter was a purchase money loan used to buy a washer, gas stove, and freezer.

The divorce decree awarded all the household goods and personal belongings to the Defendant, but did not individually address any particular items. There was no "hold harmless" clause as to these items. However, it is readily apparent from the nature of these household items in question that they are necessary items for the care and well being of a family of five minor children. Therefore, payment on this latter obligation would provide the family with items necessary for their maintenance and would constitute a non-dischargeable debt.

The debt owed to the Plaintiff's parents was incurred to help pay for the Plaintiff's farming operations. It is unclear from the record how this debt is substantiated or documented. There has been no claim filed by the parents and nothing to indicate whether or not the loan was intended to apply to just the Plaintiff or to both parties. However, the divorce decree states that the Plaintiff will pay all the debt of the marriage and hold the Defendant harmless thereon. Although the Complaints in this case seek a determination of dischargeability, it does not present the proper circumstances upon which to determine the dischargeability of this debt as to the parents. However, it would be proper to determine the applicability of the hold harmless clause as it relates to the Defendant and this debt.

To the extent that a hold harmless clause requires a debtor to pay for property or services which result in maintenance or support to a family, that debt is not dischargeable. *In re Miller*, 8 B.R. 174 (Bkrtcy.N.D. Ohio 1981). In this case the clause protects the Defendant from any effort of the Plaintiff's parents to collect on the debt. As security for the debt the parents received an assignment of certain rights in real estate by way of farming rights and a right to sharecrop. It is unclear whether or not this right extends to the ninety-nine acre property. However, the Plaintiff is already required to hold the Defendant harmless on any liens against the residential property. There is no reason why that requirement should not apply to this debt. Therefore, it must be concluded that the obligation to hold the Defendant harmless on the debt to the Plaintiff's parents would be a non-dischargeable obligation to the extent that the parents' security interest applies to the Defendant's property.

In reaching these conclusions the Court has considered all of the evidence available in this case regardless of whether or not it was specifically referred to in this Opinion.

It is ORDERED that the following debts be held non-dischargeable:

1.) The debt to the John Hancock Company (to the extent it covers the Defendant's ninety-nine (99) acre property);

2.) The debt to the Home Banking Company (to the extent it covers the Defendant's ninety-nine (99) acre property);

3.) The debt to Household Finance Company;

4.) The debt to the Fostoria Spark Plug Credit Union (to the extent it covers the 1978 Jeep Wagoneer); and,

5.) The debt to the Plaintiff's parents (to the extent it covers the Defendant's ninety-nine (99) acres).

It is FURTHER ORDERED that all other debts, to the extent not already held non-dischargeable, be held dischargeable.

It is FURTHER ORDERED that service of this Order shall be made by the Deputy Clerk of this Court mailing copies of same to all parties in interest and counsel of record in the above adversary proceeding.