**In re John R. KLINE, Debtor.**

**Gloria KLINE, Plaintiff,**

v.

**John R. KLINE, Defendant.**

**Bankruptcy No. 83–0624.**
**(Related Case: 83–00363).**

United States Bankruptcy Court,
N.D. Ohio, W.D.

July 31, 1984.

Russell Leffler, Norwalk, Ohio, for plaintiff.

Donald Icsman, Sandusky, Ohio, for defendant.

## MEMORANDUM OPINION
## AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Motion to Dismiss filed by the Defendant. The parties have agreed that the issues addressed by the Complaint are primarily issues of law. They have also agreed that the Court may reach a dispositive decision in this case based upon the written arguments of counsel that were offered in reference to the Motion to Dismiss. Each of the parties has filed such arguments and has had the opportunity to respond to the contentions made by opposing counsel. The Court has reviewed those arguments along with the entire record in this case. Based upon that review and for the following reasons the Court finds that the Motion to Dismiss should be DENIED.

## FACTS

The facts in this case do not appear to be in dispute. On December 13, 1982, the Huron County Court of Common Pleas entered a divorce decree, wherein the marriage between the Plaintiff and the Defendant-Debtor was terminated. That Court entered the judgment based upon the findings of fact and recommendations of the Domestic Relations Referee. These findings of fact were derived from evidence taken at a prior hearing conducted by the Referee. Based on the evidence taken, the Referee recommended that the Defendant be required to, among other things, make to the Plaintiff a lump sum alimony payment of One Thousand and no/100 Dollars ($1,000.00). However, the Plaintiff objected to those findings of fact and sought a review by the Court. The Court conducted a Hearing on those Objections and heard further evidence regarding the relationship between the parties. After considering an accord that was reached at the Hearing, the Court modified the Referee's recommendations and ordered a lump sum alimony payment of One Thousand Ninety and no/100 Dollars ($1,090.00). On February 28, 1983, the Debtor filed his voluntary Petition with this Court. In that Petition he listed his former spouse as a creditor for the amount awarded by the Court of Common Pleas.

## LAW

■ The present Complaint seeks a determination of dischargeability as to the One Thousand Ninety and no/100 Dollars ($1,090.00) alimony payment. The Plaintiff makes her allegations of nondischargeability based upon the provisions of 11 U.S.C. § 523(a) which state, in pertinent part:

"(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of both spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support..."

It is well settled that when deciding the dischargeability of obligations imposed by a divorce decree, the Bankruptcy Court must review such obligations with the purpose of determining which debts are actually in the nature of alimony, maintenance, and support, and which are actually property settlements. The Bankruptcy Court does not have to accept as determinative those statements in a decree that designate obligations as alimony, maintenance, and support, or as property settlements. *Smotherman v. Smotherman (In re Smotherman)*, 30 B.R. 568 (Bkcy.N.D.Ohio 1983). Those that are support for the former family will not be discharged, whereas those that are property settlements will be discharged. *Hoover v. Hoover (In re Hoover)*, 14 B.R. 592 (Bkcy.N.D.Ohio 1981),

*Conrad v. Conrad (In re Conrad)*, 33 B.R. 601 (Bkcy.N.D.Ohio 1983).

In the present case, the Court of Common Pleas indicated that while the decree required the Defendant to allow the Plaintiff to retain all items of furniture, the only item she was specifically concerned with was a stove. Apparently, the Plaintiff did not have a stove in her separate residence. The Court, in reconciling the Plaintiff's objections, approved an agreement between the parties, whereby the Defendant would include in his alimony payment an additional Ninety and no/100 Dollars ($90.00) that could be used to purchase a second hand stove. This Court recognizes that a stove is an essential item for the continued well being of any household. *See, Conrad v. Conrad,* supra. In that regard it must be concluded that an agreement to provide such an item would be in the nature of maintenance and support. Accordingly, this part of the divorce decree would be a nondischargeable debt.

With regard to the award of One Thousand and no/100 Dollars ($1,000.00), the Defendant argues that because the Plaintiff listed as an Objection to the Referee's recommendations the failure to award "sustenance alimony", she must have intended the One Thousand and no/100 Dollars ($1,000.00) award to comprise part of the property settlement. He also argues that the Plaintiff's characterization of the payment as "lump sum alimony as part of a division of property" is indicative of the true nature of the payment.

While these arguments are supportive of the Defendant's position, they are not sufficient to overcome other factors which lead to the opposite result. During the review conducted by the Court of Common Pleas, the Plaintiff indicated that the primary reason she objected to the findings of fact was to correct certain statements made therein. She also indicated that she was not interested in receiving periodic payments from the Defendant, inasmuch as she desired to conclude, as much as possible, all affairs between herself and her ex-husband. The record also reflects that the Plaintiff was of the belief that her only realistic possibility of receiving any money from the Defendant was to receive it in one payment, rather than have to rely on him for periodic payments. The Judge, aware of the fact that Ohio law permits a court to award alimony in either lump sum or periodic payments, *see,* Ohio Revised Code § 3105.18, accepted the Plaintiff's concerns and awarded a lump sum payment. The alimonial effect of this payment is apparent from the fact that the Plaintiff did not want periodic payments, that she is receiving public assistance, and that there does not appear to have been an appreciable amount of property acquired during the marriage. Therefore, it must be concluded that the award of One Thousand and no/100 Dollars ($1,000.00) was made as a means of contributing towards the Plaintiff's maintenance and support. Accordingly, it is a debt for which relief, under the Bankruptcy Code, is not afforded.

In reaching these conclusions the Court has considered all the evidence and arguments of counsel, regardless of whether or not they were specifically referred to in this Opinion.

It is ORDERED that the Motion to Dismiss be, and is hereby, DENIED.

It is FURTHER ORDERED that Judgment on the Complaint be, and is hereby, GRANTED.

It is FURTHER ORDERED that the debt imposed by the Judgment Entry of the Huron County Court of Common Pleas be, and is hereby, held NONDISCHARGEABLE in the amount of One Thousand Ninety and no/100 Dollars ($1,090.00).