**In re Robert C. HANSEN, Debtor.**

**Robert C. HANSEN, Plaintiff,**

v.

**Barbara J. HANSEN, Defendant.**

Bankruptcy No. 84–0022.
Related Case: 83–02074.

United States Bankruptcy Court,
N.D. Ohio, W.D.

Sept. 26, 1984.

Margaret K. Weaver, Fremont, Ohio,·for plaintiff-debtor.

Steven L. Diller, Toledo, Ohio, for defendant.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the *Motion for Summary Judgment* filed by the Plaintiff in this adversary action. This Motion was filed pursuant to an agreement between the parties that leave to file such a Motion would be granted. The parties also agreed upon a schedule for the filing of the Motion and the response to the Motion. Although the Plaintiff has filed its Motion and arguments, the Defendant has not responded. The Court has reviewed the Plaintiff's arguments as well as the entire record in this case. Based upon that review and for the following reasons the Court finds that the Motion for Summary Judgment should be GRANTED.

## FACTS

The parties to this case were divorced by an Order of the Seneca County Court of Common Pleas on July 16, 1982. As a part of that decree, the Plaintiff-Debtor was

Ordered to pay Two Hundred and no/100 Dollars ($200.00) per month for each of the five children that were born of the former marriage. It further Ordered him to pay Two Hundred and no/100 Dollars ($200.00) per month in alimony until such time as the Defendant was remarried or employed in a position that paid at least Seven Thousand Five Hundred and no/100 Dollars ($7,500.00) annually. The decree also provided that the Plaintiff was to maintain hospitalization insurance on the children, pay One Thousand Five Hundred and no/100 Dollars ($1,500.00) of the Defendant's attorney's fees, pay the outstanding balances on a vehicle that was awarded to the Defendant, and to assume the debts of the marriage. Subsequent to this decree, the Plaintiff sought and received an Order from that Court, whereby he was awarded custody of the children. Accordingly the obligation to pay child support to the Defendant ceased.

The divorce decree contained one other provision, that which gives rise to the present dispute. This provision required the Plaintiff-Debtor to transfer to the Defendant one-half (½) of an eighty (80) acre farm owned by the Plaintiff as tenant-in-common with his father, or in lieu thereof, Eighty Thousand and no/100 Dollars ($80,-000.00) in either a lump sum or in installments. The Complaint presently before the Court seeks a determination as to the dischargeability of the final provision of the divorce decree.

### LAW

The allegations of dischargeability are made pursuant to 11 U.S.C. § 523(a) which states in pertinent part:

"(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—"

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of both spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support ..."

■ It is well settled that when deciding the dischargeability of obligations imposed by a divorce decree, the Bankruptcy Court must review such obligations with the purpose of determining which debts are actually in the nature of alimony, maintenance, and support, and which are actually property settlements. Those that are support for the former family will not be discharged, whereas those that are property settlements will be discharged. *Hoover v. Hoover (In re Hoover)*, 14 B.R. 592 (Bkcy. N.D.Ohio 1981), *Conrad v. Conrad (In re Conrad)*, 33 B.R. 601 (Bkcy.N.D.Ohio 1983). When making this determination, the Court may consider such factors as the disparity of earning power between the parties, the need for economic support or stability, and the circumstances surrounding the parties' separation. *Hoover v. Hoover, supra.*

■ In the present case, it is readily apparent that the terms of the divorce decree provide sufficient funds and property upon which the Defendant could have supported both herself and her children. Although this obligation has been modified by the Plaintiff's assumption of the children's custody, he is still required to make a significant alimony payment, the payments on the vehicle, and the payments on the debts of the marriage. These factors strongly support the Plaintiff's assertions that the obligation of alimony and support of a former spouse is being met without reliance on the real estate. The assertions are further supported by the fact that the real estate in question is bare farmland, thereby removing the land from any consideration as to the Plaintiff's obligation to provide a residence for his family. *See, Conrad v. Conrad, supra.*

Based upon these considerations, it must be concluded that in the absence of evidence to the contrary, the obligation of the divorce decree involving the transfer of

real estate, or the payment in lieu thereof, is a property settlement within the contemplation of the Bankruptcy Code. The terms of the decree provide for the support of the Defendant in sufficient fashion so as to relieve him of any responsibility to include the real estate in that effort. In light of that fact, it does not appear as though there are any genuine issues of any material fact and that the Plaintiff is entitled to judgment as a matter of law. Accordingly, the debt should be held to be dischargeable.

In reaching this conclusion the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

It is ORDERED that the Plaintiff's Motion for Summary Judgment be, and is hereby GRANTED.

It is FURTHER ORDERED that the debt addressed by the Complaint be, and is hereby, held DISCHARGEABLE.