**In re Timothy M. SIGWORTH, Debtor(s).**

**Lora E. SIGWORTH, Plaintiff(s),**

v.

**Timothy M. SIGWORTH, Defendant(s).**

Bankruptcy No. 85–0203.
Related Case: 85–00681.

United States Bankruptcy Court,
N.D. Ohio, W.D.

March 25, 1986.

David F. Wiley, Toledo, Ohio, for plaintiff.

Thomas Connolly, Toledo, Ohio, for defendant.

### MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Complaint To Determine Dischargeability filed by the Plaintiff in the above entitled adversary action. The parties have agreed that the issues raised by this Complaint are primarily issues of law, and that the Court may render a decision in this case based solely upon the written arguments of counsel. The parties have submitted such arguments and have had the opportunity to respond to the arguments made by opposing counsel. The Court has reviewed those arguments as well as the entire record in this case. Based upon that review and for the following reasons the Court finds that Judgment should be entered for the Plaintiff.

### FACTS

The facts in this case do not appear to be in dispute. The Plaintiff and Defendant in this case were married on July 6, 1974.

They were subsequently divorced on November 28, 1984, by an Order of the Lucas County Court of Common Pleas, Domestic Relations Division. As a part of that decree, the Court Ordered that the Debtor-Husband 1) pay to the Plaintiff-Wife the sum of Two Hundred Fifty and no/100 Dollars ($250.00), 2) deliver certain furniture to the Plaintiff, and to 3) pay all outstanding debts which had accrued during the marriage. The Court also Ordered that the Plaintiff would have a Judgment against the Debtor for attorney fees in the amount of Seven Hundred Fifty and no/100 Dollars ($750.00). However, the Order provided that if the Debtor paid Five Hundred and no/100 Dollars ($500.00) to the Plaintiff's counsel on or before a date certain, that the Judgment would be considered satisfied. It is unclear whether or not the Debtor satisfied the obligation in sufficient time to avail himself of the lesser amount. However, the Debtor's schedules list an unsecured debt to the Plaintiff in the amount of Seven Hundred Fifty and no/100 Dollars ($750.00). It appears that this debt is the obligation in question.

The Debtor filed his voluntary Chapter 7 Petition with this Court on May 7, 1985. As indicated, he listed his former spouse as an unsecured creditor for the obligations imposed by the divorce decree. In response to the filing of the Petition, the Plaintiff filed this adversary action, wherein she seeks a determination as to the dischargeability of the obligation to pay attorney fees. She argues that the obligation is in the nature of alimony and support and is, therefore, nondischargeable. The Debtor summarily opposes the contentions made by the Plaintiff.

## LAW

■ The provisions of 11 U.S.C. Section 523(a) state in pertinent part:

(a) A discharge under section 727, 1141, or 1328(b) of this title ... does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or other order of a court of record or property settlement agreement, but not to the extent that—

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

Under this section, any debt for alimony, support, and maintenance is not dischargeable in bankruptcy. However, the Bankruptcy Court is not required to accept as determinative the terms of a divorce decree which establish whether particular obligations are property settlements or alimony, maintenance and support. *Conrad v. Conrad (In re Conrad)*, 33 B.R. 601 (Bkcy. N.D.Ohio 1983). The Bankruptcy Court may review the terms of a divorce decree and may determine whether any particular obligation is actually in the nature of a property settlement, or whether it is alimony, maintenance and support. *Kline v. Kline (In re Kline)*, 42 B.R. 141 (Bkcy.N. D.Ohio 1984). In that regard, it is generally held that an obligation to pay attorney fees which is imposed by a divorce decree is alimony for purposes of nondischargeability under 11 U.S.C. Section 523(a)(5). While some distinctions have been drawn when the obligation may be paid directly to the attorney, this distinction is not supported in a majority of the jurisdictions. *See, Conrad v. Conrad,* supra. This Court is among the majority. *See, Conrad v. Conrad,* supra, *Brace v. Moran (In re Brace),* 13 B.R. 551 (Bkcy.N.D.Ohio 1981).

■ In the present case, the terms of the divorce decree clearly indicate that the Debtor is responsible for payment of the Plaintiff's attorney fees which accrued during the divorce proceedings. Although the decree also imposes other obligations on the Debtor, it appears that the attorney fee obligation was a part of the decree's scheme to insure the Plaintiff's future maintenance and support. The Court recognizes that there may be circumstances

where the alimony and support requirements of a divorce decree are sufficiently great so as to justify a finding that an award of attorney fees is in the nature of a property settlement. However, those circumstances must be determined on a case-by-case basis. A review of the facts in the present case finds that while the decree also provides that the Debtor is responsible for other obligations to the Plaintiff, these obligations are not sufficient in either quantity or character so as to justify a deviation from the Court's established position on this issue. Therefore, in the absence of other factors which would warrant the characterization of the debt for attorney fees as a property settlement, it must be concluded that the obligation, as set forth in the divorce decree, is non-dischargeable.

In reaching this conclusion the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

It is ORDERED that Judgment be, and is hereby GRANTED to the Plaintiff.

It is FURTHER ORDERED that the debt to the Plaintiff for attorney fees be, and is hereby, found to be nondischargeable.