**In re Thomas P. CORNETT, Debtor.**

**Vitella N. CORNETT, Plaintiff,**

**v.**

**Thomas P. CORNETT, Defendant.**

**Bankruptcy No. 89–0095.
Related Case No. 89–00421.**

United States Bankruptcy Court,
N.D.Ohio, W.D.

Sept. 11, 1990.

Gene W. Krick, Toledo, Ohio, for plaintiff.

Alan D. Mikesell, Toledo, Ohio, for defendant.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court on Plaintiff's Complaint requesting that the Defendant be denied a discharge in bankruptcy and/or it be determined that certain alimony obligations be declared nondischargeable. A pre-trial was held on the complaint and a trial date was scheduled. This date was subsequently vacated and the parties have agreed to submit only the issue of dischargeability of alimony to the Court upon the record and written arguments of counsel. The Court has reviewed the written arguments of counsel as well as the entire record in the case. Based on that review, and for the following reasons, this Court believes the Plaintiff's Motion for Summary Judgment should be denied and the debt declared dischargeable.

### FACTS

The facts in this case are not in dispute. The Plaintiff, Vitella N. Cornett, and the Defendant/Debtor, Thomas P. Cornett, were divorced in Lucas County Common Pleas Court on July 20, 1984. At the time of the divorce, the parties did not have any minor children.

As a result of the divorce decree, the Defendant was ordered to pay the Plaintiff Six Hundred Dollars ($600.00) per month as alimony. Additionally, the Plaintiff was awarded the residence at 618 Dorcas and was to hold the Defendant harmless on a land installment contract obligation on the property. In accordance with the divorce decree, the Plaintiff transfered her interest in the rental property, which is now the subject of this dispute, to the Defendant. The Defendant assumed the mortgage payments on the rental property and was to hold the Plaintiff harmless on this obligation. The Defendant also assumed responsibility for several mortgage payments that arose prior to the divorce as the mortgage was not current when deeded to him.

The Defendant then sold the rental property and the purchaser subsequently defaulted. The Defendant was unable to pay the mortgage and the lender foreclosed. A deficiency judgment was assessed against the Defendant. During this time, the Defendant filed for bankruptcy. The Plaintiff, who is now a defendant in a collection suit filed in Lucas County Common Pleas Court, seeks to have the mortgage obligation declared nondischargeable as alimony and support. The Defendant argues that the debt is a property settlement and is therefore a dischargeable debt.

### LAW

The dischargeability of the mortgage obligation is governed by 11 U.S.C. § 523(a)(5), which states in pertinent part:

§ 523 Exceptions to Discharge

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with state or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.

Under this provision, those obligations which are imposed by a divorce decree, and which are in the nature of alimony, maintenance, or support, are not dischargeable in a Chapter 7 proceeding.

It is well established that Bankruptcy Courts are not required to accept as determinative those statements within a divorce decree which label a particular obligation as alimony or as a property settlement arrangement. *In re Singer*, 787 F.2d 1033, 1035 (6th Cir.1986); *In re Conrad*, 33 B.R. 601, 603 (Bankr.N.D.Ohio 1983). Rather, the Court may examine the facts and circumstances of each case, and make a determination based upon federal bankruptcy

law. *In re Calhoun,* 715 F.2d 1103, 1107 (6th Cir.1983); *In re Hoover,* 14 B.R. 592 (Bankr.N.D.Ohio 1981). The Court may look to state law for guidance. *In re Calhoun,* 715 F.2d at 1108–09.

The Sixth Circuit has set forth a four-tier test to be used in determining whether the particular debt is alimony or a property settlement:

(1) Whether the *intent* of the state court or the parties was to create a support obligation;

(2) Whether the support provision has the actual *effect* of providing necessary support;

(3) Whether the amount of support is so excessive as to be *unreasonable* under traditional concepts of support; and

(4) If the amount of support is unreasonable, how much of it should be characterized as nondischargeable for purposes of federal bankruptcy law.

*In re Calhoun,* 715 F.2d at 1109–10 (emphasis added).

Once any of the tiers are answered in the negative, the inquiry ends and the obligation is deemed dischargeable. *Id.*

In analyzing the first tier, the Court must ascertain whether the assumption of the debt was intended to create a support obligation. *In re Calhoun,* 715 F.2d at 1109. This Court believes that neither the parties nor the state court intended the assumption of the mortgage to be a support obligation.

At the time of the divorce, the parties owned two pieces of real estate. The division of this real property was done in such a way that it appears to be a property settlement and not an alimony agreement. Ms. Cornett was given the residence on Dorcas and was to assume liability for a land installment contract on the same. Mr. Cornett was given the property on Poplar Street and was to assume the liability for a mortgage on the same. There were no provisions in the state court's divorce decree for termination of either of these obligations upon remarriage. The presence of this type of provision, terminating the Debtor's obligation upon remarriage of the Plaintiff, would support a finding that the obligations were intended for support.

Having satisfied the first tier, that the parties *did not intend* that the assumption of the mortgage be support for the Plaintiff, this Court's inquiry ends and the debt is deemed dischargeable under *Calhoun.*

In reaching these conclusions, the Court has considered all the evidence and arguments of counsel, regardless of whether they are specifically mentioned in this opinion.

It is therefore Ordered that the Plaintiff's Motion for Summary Judgment be denied and the Defendant's Motion be, and is hereby, granted.