**In re Douglas HODGES, Debtor.**

**Douglas HODGES, Plaintiff,**

v.

**MARTIN J. HOLMES & ASSOCIATES, et al., Defendant.**

**Bankruptcy No. 91–3007.**
**Related No. 90–33550.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

Sept. 30, 1991.

Jeffrey A. Nelson, Bowling Green, Ohio, for plaintiff.

Virginia M. Wall, Toledo, Ohio, for defendant.

## MEMORANDUM OPINION
## AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon Complaint to Determine Dischargeability of Debt. Only Martin J. Holmes and Associates chose to defend. Consequently, this Court ordered that a default judgment be granted to the Plaintiff and against the other Creditor/Defendants, Neil Salenger, M.D., Northwest Memorial Hospital, Alexandria Voneck, and that the debts to these creditors to be dischargeable. A Pre-trial was held on the claim concerning the Martin J. Holmes and Associates debt, at which time the parties decided to have the issue determined on the written arguments of counsel. The Plaintiff filed a Motion for Summary Judgment to which the Defendant filed a Reply. The court has reviewed the written arguments of counsel and the relevant case law, as well as the entire record in this case. Based upon that review, and for the following reasons, this Court finds that the Plaintiff's obligations to pay his former wife's attorney fees was in the nature of support and should be nondischargeable.

## FACTS

The facts in the case are not in dispute. Douglas Hodges, Plaintiff [hereinafter "Hodges"], and his ex-wife, Meridee Hodges [hereinafter "Meridee"], were married on November 5, 1983. During the marriage, the Plaintiff's ex-wife suffered from alcohol addiction and emotional problems, which eventually deteriorated her physically and emotionally. She was hospitalized in 1984 and attempted suicide. She was diagnosed as suffering from anorexia nervosa and received both in-patient and out-patient treatments for her condition in Chicago. The two began having marital problems soon after Meridee Hodges was hospitalized. On or about February 1, 1986, they separated and subsequently were divorced on December 15, 1988, by an order of the Lucas County Court of Common Pleas, Domestic Relations Division.

In the Divorce Decree, the Domestic Relations Court ordered that:

1. [Hodges] pay to [Meridee] as and for sustenance alimony terminating upon the happening of the first of the following conditions: four (4) years, either parties' death, the [Meridee's] remarriage; and subject to modification according to the law of Ohio, the sum of $750.00 monthly, payable by income withholding. In addition, the arrearage of $1,100.00 [as of 12–14–88] is to be paid at the rate of $10.00 per month bringing the total sum payable by income withholding to be $760.00 per month plus poundage.

2. [Hodges] pay the hospital bill for the inpatient program as alimony in the amount of $5,218.78 because he encouraged [Meridee] to enter this program, because he knew the cost of treatment, the amount to be covered by insurance, and he failed to complete a simple task of completing the application on time due to his personal problem with [Meridee's] treating physician which had no reasonable relationship to the necessity for treatment.

3. Each party to pay one-half of the psychiatric expense in the total amount of $8,125.00. The basis for this order is that [Hodges] knew that outpatient program would be necessary after the inpatient program would be completed, that he recommended this particular program to [Meridee], and that [Meridee's] income compared to the defendant's income at the time of the program was significantly less. [Meridee] is ordered to contribute to this payment as she has had income from disability and has failed to account for said income to the court or [Hodges], since [Meridee] entered the hospital, before entering into the outpatient program.

4. [Meridee] is entitled to partial expenses of the suit, based on her present health, the major marital asset being sold, her present inability to support herself, the sum of $3,500.00, for which a lump sum is granted to [Meridee] as alimony. There is no provision under Ohio law for paying expenses of suit by income withholding. The provision of R.C.

3105.18 relating to income withholding pertain only to sustenance alimony for the support of a dependent spouse. There are many other provisions in Ohio law governing the collection of debts. The awarding of sustenance alimony and attorney fees both by income withholding would practically speaking place a creditor in equal position to the dependent spouse.

In closing, the court cannot help but sympathize for [Meridee] who has a psychological and physical problem which may be fatal, which inhibits her ability to be employed, making her totally dependent on her husband, who has also suffered from seriously physical problems. However, there is simply no credible professionally based evidence before the court that [Hodges] is not capable of employment or is unable to support [Meridee].

The Defendant argued the debt owed by the Plaintiff for attorney fees is in the nature of support and is nondischargeable. The Plaintiff argued that the facts of this case show the award of attorney fees was not a support obligation and therefore are dischargeable.

### LAW

The applicable provision of the Bankruptcy Code states in pertinent part:

(a) A discharge under section 727, 1141, or 1328(b) of this title ... does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or other order of a court of record or property settlement agreement, but not to the extent that—

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.

11 U.S.C. § 523(a)(5)(B).

■ Under this section, any debt for alimony, support, and maintenance is not dischargeable in Bankruptcy. However, the Bankruptcy Court is not required to accept as determinative the terms of a divorce decree which establish whether particular obligations are property settlements or alimony, maintenance or support. *In re Conrad*, 33 B.R. 601 (N.D.Ohio 1983). The Bankruptcy Court may review the terms of a divorce decree and may determine whether any particular obligation is actually in the nature of a property settlement, or whether it is alimony, maintenance, and support. *In re Kline*, 42 B.R. 141 (N.D.Ohio 1984). The Court must examine the facts and circumstances of each case, and make a determination based upon Federal Bankruptcy law. *In re Calhoun*, 715 F.2d 1103, 1107 (6th Cir.1983); *In re Hoover*, 14 B.R. 592 (N.D.Ohio 1981). The Court may also look to state law for guidance. *In re Calhoun*, at 1107–1108.

■ An obligation to pay attorney fees which is imposed by a divorce decree is alimony for purposes of nondischargeability under Section 523(a)(5) of the Bankruptcy Code. While some distinctions have been drawn when the obligation may be paid directly to the attorney, this distinction is not supported in a majority of the jurisdictions. *See In re Conrad; Brace v. Moran*, 13 B.R. 551 (Bankr.N.D.Ohio 1981). There may be circumstances where the alimony and support requirements of a divorce decree are sufficiently great so as to justify a finding that an award of attorney fees is in the nature of a property settlement. However those circumstances must be determined on a case-by-case basis. *In re Sigworth*, 60 B.R. 137 (Bankr.N.D.Ohio 1986).

■ This Court has considered the fee issue in a number of prior cases, and has consistently held that awards of attorney's fees in divorce proceedings are nondischargeable. *In re Sigworth*, 60 B.R. 137 (Bankr.N.D.Ohio 1986); *In re Conrad*, 33 B.R. 601, 603 (N.D.Ohio 1983); *In re Brace*, 13 B.R. 551 (Bankr.N.D.Ohio 1981). While this Court's position may have once been in the minority, it appears that this

line of cases is now in accord with the majority view. *In re Portaro,* 108 B.R. 142, 147 (Bankr.N.D.Ohio 1989); *See,* Annotation, *Debts for Alimony, Maintenance, and Support as Exceptions to Bankruptcy Discharge, Under § 523(a)(5) of Bankruptcy Code of 1978 (11 USCS § 523(a)(5),* 69 A.L.R. Fed. 403, § 6b at 419–430 (1984).

In the present case, the terms of the divorce decree state that the Debtor is responsible for payment of the attorney fees which accrued during the divorce proceedings. It appears that the attorney fee obligation was a part of the Domestic Relation Court's intention to insure [Meridee's] future maintenance and support. The record appears to reflect the state court's reasons for awarding her the payment of her attorney fees by her ex-husband included such facts as her mental and health conditions, the sale of the marital home, and her inability to support herself.

A review of the facts in the present case finds that while the decree also provides that the Debtor is responsible for other obligations to his ex-wife, these obligations are not sufficient in either quantity or character so as to justify a deviation from the Court's established position on this issue. The state court clearly states in the record that it could not address property division, and set forth a precise and clear Decision detailing its findings and Orders in a such a way that only one interpretation is possible in that the award of attorney fees was in the nature of support to Mrs. Hodges. Therefore, in the absence of other factors which would warrant the characterization of the debt for attorney fees as a property settlement, it must be concluded that the obligation, as set forth in the divorce decree, is nondischargeable.

Some courts hold that divorce related attorney's fees are nondischargeable when the litigant awarded fees was successful in securing support in the divorce action. *In re Angel,* 105 B.R. 825 (Bankr.S.D.Ohio 1989); *In re Stanjevich,* 96 B.R. 138, 141 (Bankr.S.D.Ohio 1989); *In re Jackson,* 58 B.R. 72, 74 (Bankr.W.D.Ky.1986). Should the Court adopt this position, the attorney's fees would also be nondischargeable as Mrs. Hodges was awarded support in the judgment of divorce.

In reaching the conclusions found herein, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Accordingly, it is

ORDERED that Defendant's Motion for Summary Judgment be, and is hereby Granted.

It is FURTHER ORDERED that the debt to the Defendant, Martin J. Holmes and Associates for attorney fees in the amount of Three Thousand Five Hundred Dollars ($3,500) be, and is hereby, declared nondischargeable.