**In re Russell Wayne ARTERBURN, Debtor,**

**Shirley Ann ARTERBURN, Plaintiff,**

**v.**

**Russell Wayne ARTERBURN, Defendant.**

Bankruptcy No. 79–01998.
Adv. No. 80–0012.

United States Bankruptcy Court,
W. D. Oklahoma.

Nov. 6, 1981.

Walter Charles Moore, Oklahoma City, Okl., for plaintiff.

Henry C. Starke, Oklahoma City, Okl., for debtor.

## MEMORANDUM AND ORDER

DAVID KLINE, Bankruptcy Judge.

### STATEMENT

The plaintiff, the former wife of the defendant-debtor, brings this action to enforce the defendant's promise to pay certain jointly incurred debts in connection with the divorce decree entered by the District Court of Logan County, Oklahoma. The plaintiff urges that as to her this liability should not be dischargeable since in the nature of support-alimony or because defendant's promise was made with the intent and purpose of deceiving the plaintiff herein in violation of § 523(a)(2)(A) [11 U.S.C. § 523(a)(2)(A)] in that the defendant never intended to pay such debts as promised.

### FACTS

1) On November 1, 1979, the defendant-debtor and the plaintiff herein were divorced in the District Court for Logan County, Oklahoma in proceeding No. JFD–79–174.

2) The divorce decree provided that the debts (other than mortgages on real property) were to be divided between the parties. Specifically, the plaintiff assumed debts totaling $9,478.25 and the defendant assumed debts totaling $9,362.00.

3) Both parties to the divorce proceeding were represented by counsel.

4) The divorce decree stated among other things: "That the parties have reached an agreement in this matter and said agreement is fully incorporated and set forth in the DECREE OF DIVORCE and the court finds said agreement acceptable."

5) There is no indication in the decree of divorce that the settlement was made in lieu of alimony or in the nature of support.

6) On November 3, 1979, the defendant-debtor executed a petition in bankruptcy and used an attorney other than the one who represented him in the divorce.

7) On November 5, 1979, said petition in bankruptcy was filed with this court.

8) At the time the defendant-debtor entered into the divorce decree agreement to among other things assume debts totaling $9,362.00 which at the time were jointly owed by defendant and the plaintiff herein, he did not intend to make such payments as promised but planned to immediately file for bankruptcy. Moreover, the plaintiff relied on such representation by the defendant.

### ISSUE

Where a party to a divorce decree agrees to assume full responsibility for otherwise nondischargeable debts for which both parties to the proceeding are jointly liable, where such promise is made with no intention to keep such promise does such give rise to a nondischargeable obligation as between the parties under § 523(a)(2)(A).

### LAW

### BURDEN OF PROOF

■ The plaintiff, objecting party, has the burden of proving by a fair preponderance of the evidence all those elements nec-essary to establish that a particular debt is not dischargeable since it falls within a specific discharge exception. *In re Taylor*, 514 F.2d 1370 (C.A. 9 1975). Accord, *Bank of Meeker v. McGinnis*, 586 F.2d 162 (C.A. 10 1978); *In re Duiser*, 8 B.R. 397, 400 (W.D.Va.1981). Read Cowans, Bankruptcy (2nd Ed. 1978), § 254, p. 309.

### PROPERTY SETTLEMENT

■ A promise to pay debts as a part of property settlement, not made in lieu of support, is dischargeable. *Nitz v. Nitz*, 3 B.C.D. 1198, 568 F.2d 148 (C.A. 10 1977); *In re Woods*, 3 B.C.D. 750, 561 F.2d 27 (C.A. 7 1977); *In re Diers*, 7 B.R. 18, 6 B.C.D. 983 (S.D.Ohio 1980); *In re Vardaman*, 4 B.C.D. 70 (N.D.Ala.1977); *In re Beard*, 4 B.C.D. 1047 (S.D.Ia.1978).

### MARITAL HOLD–HARMLESS AGREEMENT

■ A hold-harmless agreement, in the marital context, wherein one spouse agrees to pay a joint debt of the other to a third person, often is identified as nondischargeable under Code § 523(a)(5) where the pertinent court orders indicate an intention that the debtor's duty of support is involved. However, even a duty to support does not convert the preexisting third party liability into a nondischargeable debt as to the third party. "Accordingly, litigation over hold-harmless agreements is confined to the parties to the agreement." 1 Norton, Bankruptcy, § 27.40, p. 38.

### FRAUD

■ Code § 523(a)(2)(A) [11 U.S.C. § 523] provides in part:

"(a) A discharge ... does not discharge an individual debtor from any debt—(2) for obtaining money, property, services, or an extension, renewal, or refinance of credit, by—(A) false pretenses, a false representation, or actual fraud ..."

For a creditor's debt or claim to be excepted from discharge based upon fraud under Code § 523(a)(2)(A) it is fundamental that there must be a misrepresentation by

one with knowledge of the falsity with an intent to defraud coupled with a reasonable reliance by the overreached and resulting in ascertainable damage. Read 1 Norton, Bankruptcy, § 27.15, p. 12.

 To have resulting damage in connection with a claim of fraud as a basis for holding a debt nondischargeable the creditor must establish a casual relationship between the misrepresentation and the loss suffered and in the absence of such proof no portion of the liability may be excepted from discharge. Read 27 A.L.R.2d 14, 63.

### CONCLUSION

Inasmuch as the issue of support is not present, the critical question is whether or not the evidence before the court establishes those elements of fraud essential to establish a nondischargeable liability on the part of the defendant and former husband of the plaintiff herein. The defendant did make a deliberate misrepresentation which was relied upon by the plaintiff at the time the divorce settlement was arrived at in that the defendant at the time had no intention of paying the designated debts to third parties as he promised to do as a part of the settlement agreement and divorce decree. Regrettably, the evidence before the court does not establish with exactness the dollar amount the plaintiff sustained because of such misrepresentation. The court can only infer that had such misrepresentation not been made the plaintiff would have gained divorce decree settlement terms more favorable dollarwise than that agreed upon and approved by the domestic relations court. Clearly, absent a misrepresentation by one spouse at the time of the divorce decree and settlement: "If the parties merely apportioned the marital debt between themselves, an agreement to hold the other harmless with respect to particular debts is not itself excepted from discharge because the obligations assumed in the marital settlement agreement were not intended to discharge the duty of support. See e. g. *In re Woods*, 561 F.2d 27 (C.A. 7 1977). Accord, *Barth v. Barth*, 448 F.Supp. 710 (E.D.Mo.1978); *Nitz v. Nitz*, 568 F.2d

148 (C.A. 10 1977). 1 Norton, supra, § 27.40, p. 38.

Accordingly, the court concludes and hereby ORDERS that the defendant's divorce decree promise to hold-harmless the plaintiff as to the identified debts is a nondischargeable liability.