**In re Armond Walter BRASHER, Debtor in Chapter 7.**

**Myrna Louise BRASHER, Plaintiff,**

v.

**Armond Walter BRASHER, Defendant.**

**Bankruptcy No. 82–20578.
Adv. No. 82–2086.**

United States Bankruptcy Court,
W. D. Tennessee, W. D.

May 20, 1982.

Larry Rice, Memphis, Tenn., for plaintiff.

Patrick D. Crowley, Memphis, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

### WILLIAM B. LEFFLER, Chief Judge.

In this Chapter 7 case, the debtor's ex-wife has objected to his discharge of joint debts which he agreed to assume in the property settlement accompanying the parties' divorce. Because the Court finds fraud to have existed, the debts are declared nondischargeable under 11 U.S.C. § 523(a)(2)(A).

The facts are not substantially in dispute. On January 28, 1982 the parties obtained their final decree of divorce and incorporated in that decree a property settlement upon which the parties had agreed. Both plaintiff and defendant were represented by their respective counsel in drawing up this agreement. In the property settlement the plaintiff waived her right to alimony, allegedly in consideration of the defendant's promise to pay all joint debts. Twenty days later, on February 16, 1982, defendant filed his Chapter 7 petition in this Court and now seeks to have those discharged. At the first meeting of creditors, when plaintiff's counsel asked the debtor if the joint debts had been assumed in the property settlement with the intent to file bankruptcy shortly thereafter, he refused to answer, stating that he had been told by his former attorney in the divorce proceeding not to answer that question based upon the attorney-client privilege. Plaintiff then filed the instant complaint objecting to the discharge of the joint debts on the grounds of § 523(a)(2)(A) false representations or actual fraud, § 523(a)(4) fraud while in a fiduciary capacity or § 523(a)(5) nondischargeable alimony.

Plaintiff seeks to have the Court apply the missing witness rule due to the fact calling defendant's former counsel would be futile due to his assertion of the attorney-client privilege. However, the Court does not find this to be a proper case for imposition of the rule. The Court does find sufficient facts to warrant the inference that defendant procured the plaintiff's waiver of alimony by fraudulently representing that he would assume the parties' joint debts when he had, at the time of the divorce, the intent to seek a discharge of these debts in bankruptcy. The Court finds this case analogous to *In re Arterburn*, 15 B.R. 189 (Bkrtcy.W.D.Okl.1981) in which it was held that when a party to a divorce decree agrees to assume full responsibility for the parties' joint debts while he has no intention to keep the promise but instead intends to file bankruptcy soon after the entry of the final decree, the debts are rendered nondischargeable under § 523(a)(2)(A). In *Arterburn*, the husband agreed to pay certain joint debts of the parties and in reliance on that promise, the wife agreed to pay other joint debts. Both parties were represented by counsel. The property settlement did not state that the debt settlement was made in lieu of alimony. On November 1, 1979 the divorce was made final and incorporated the parties' property settlement. On November 5, 1979, utilizing another attorney, the ex-husband filed his Chapter 7 petition and sought to discharge the debts he had agreed to assume in the property settlement. The Court found that:

> The defendant did make a deliberate misrepresentation which was relied upon by the plaintiff the time the divorce settlement was arrived at in that the defendant at the time had no intention of paying the designated debts to third par-

ties as he promised to do as a part of the settlement agreement and divorce decree. 15 B.R. at 192.

The Court makes the same finding as to the defendant at bar. The Court finds no substantial change in financial condition of the debtor in the twenty days after the entry of the divorce decree to warrant any other inference but that the petition was filed as part of his plan to induce the plaintiff to waive alimony in return for his promise to pay debts he intended to discharge in bankruptcy.[1] Thus the debts which the debtor promised to pay in the divorce decree shall be nondischargeable under § 523(a)(2)(A). It is, therefore,

ORDERED by the Court that the debts which are listed on the debtor's schedules and which were joint debts extant on January 28, 1982, are declared to be nondischargeable under § 523(a)(2)(A).

---

**1.** The Court observes that each case must be evaluated on its own facts and that the time span between the divorce and bankruptcy petition is not dispositive on the issue of fraud.