In the Matter of Donald A. WISER, Sr., Debtor.

Lois J. WISER, Plaintiff,

v.

Donald A. WISER, Sr., Defendant.

Bankruptcy No. 81–2421.
Adv. No. 82–165.

United States Bankruptcy Court,
M. D. Florida,
Tampa Division.

Aug. 10, 1982.

Patrick Skelton, Tampa, Fla., for plaintiff.

Richard A. Nielsen, Tampa, Fla., for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, MEMORANDUM OPINION AND FINAL JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS an adversary proceeding and the matter under consideration is the dischargeability, vel non, of a debt admittedly owed by the Debtor, Donald A. Wiser, Sr., to the Plaintiff, Lois J. Wiser.

The facts germane to resolution of this controversy are without serious dispute and may be summarized as follows:

The Plaintiff and the Debtor were married approximately 30 years and at the time of their divorce, were residing in Pennsylvania. Five children were born of the marriage, ages unknown, but only one of whom is still a minor and living at home. In late 1979, the parties separated and in January of 1980, their marriage was dissolved. In October of 1979, pending the dissolution, the Court of Common Pleas of Blari County, Pennsylvania, directed the Debtor to pay to the Plaintiff the amount of $500 per month, "for the support of wife and . . . minor child." (Plf's Exh. # 1) The Court's Order states that, of this $500, $300 is allocated for the support of the wife and $200 for the support of the child. However, the Debtor contends that this is a typographical error and that the amounts were actually allocated vice versa by the Court, or $200 for the support of the wife and $300 for the child.

In December of 1979, the parties entered into a Separation Agreement (Plf's Exh. # 2), in which the Debtor agreed to pay the Plaintiff $45,000. By the terms of the Agreement, $20,000 was to be paid immediately and the remaining $25,000 was to be paid upon the sale of the family home in Tipton, Pennsylvania. The Agreement further provides that, until the full amount is paid, the Court's order for support will remain in full force; in other words, the Debtor will continue to pay $500 per month. Upon satisfaction of the $45,000 debt, the Court's order will be amended to provide for the payment of only $300 per month as child support and "nothing whatsoever for the wife." The Debtor also agreed to convey his interest in certain real property, to the Plaintiff to pay certain bills and the Plaintiff's attorney fees, and to provide certain insurance coverage. The Plaintiff agreed to convey certain warehouse property to the Debtor upon receipt of the $45,000 and to surrender certain personal property in her possession. The Agreement finally provides that the $300 child support payments are subject to amendment by agreement of parties or court order.

Pursuant to the Agreement, the Debtor paid $20,000 lump sum to the Plaintiff. However, the family home has never been sold, and the Debtor, therefore, has not paid the remaining $25,000. He continued paying the full $500 support payments until January of 1982 when he reduced the payments to $300.

Both parties have since moved to Florida. On December 28, 1981, the Debtor filed his petition for relief under Chapter 7 of the Bankruptcy Code. On March 3, 1982, the Plaintiff filed her complaint seeking a de-

termination by the Court that the $25,000 debt to the Plaintiff is non-dischargeable. The Plaintiff asserts that the debt is in the nature of alimony and support. The Debtor contends that debt is merely a property settlement and filed a Counterclaim seeking a determination that the debt is dischargeable.

 Section 523(a)(5) excepts from the general discharge any debt to a spouse, former spouse or child, for alimony, maintenance or support of the spouse or child in connection with a separation agreement, divorce decree or property settlement agreement. However, while alimony is a non-dischargeable debt, the same cannot be said about a debt which results from a property settlement and the mere denomination of a debt as "alimony" or "support" is not determinative. The liability will be dischargeable unless it is "actually in the nature of alimony, maintenance or support" under § 523(a)(5)(B). Furthermore, it is undisputed that the question of what constitutes alimony or support is to be determined under the federal bankruptcy law and not state law. H.R.Rep.No. 595, 95th Cong., 1st Sess. 2 (1977); S.Rep.No. 989, 95th Cong., 2d Sess. 77–79 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787.

Having considered the arguments of counsel and the evidence presented, the Court is satisfied that the $25,000 debt in question is not in the nature of alimony and support, but is a property settlement between the parties. The amount settled upon by the parties was a sum certain, payable in two lump sums. Neither the court-ordered monthly payments, which are to cease upon full payment of the $45,000, nor the lump $45,000 debt are made contingent upon the Plaintiff's remarriage or the death of either party. Finally, the Agreement provides for amendment of only the child support payments; no such provision is made for the payments to the Plaintiff. These factors indicate that the debt represents a property settlement, and as such, the debt is not in the nature of alimony or support and is dischargeable.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that final judgment be, and the same hereby is, entered in favor of the Debtor/Defendant and against the Plaintiff and the debt which is the subject of this proceeding is hereby declared to be dischargeable.