In re Nagle F. BROWER, SS # 407–14–2376, a/k/a Jeff Brower and Jack Brower, d/b/a Brower's Security Patrol, Debtor.

Henrietta L. HAMILTON, Plaintiff,

v.

Nagle F. BROWER, Defendant.

Bankruptcy No. 80–01352 MA.
Adv. No. 81–0082.

United States Bankruptcy Court,
D. New Mexico.

Sept. 22, 1982.

Paul A. Phillips, Joseph L. Werntz, Albuquerque, N.M., for plaintiff.

Douglas T. Francis, Albuquerque, N.M., for defendant.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court on the complaint of Henrietta Hamilton (Mrs. Hamilton) to determine the dischargeability of her debt and on objection to discharge. Mrs. Hamilton obtained a state court judgment against the debtor, Nagle F. Brower (debtor), after which the debtor filed bankruptcy. As a judgment creditor, Mrs. Hamilton seeks to have the debt owed to her declared nondischargeable under 11 U.S.C. Section 523(a)(6).

### Statement of Facts

Mrs. Hamilton is the surviving spouse of Alfred Hamilton. Mr. Hamilton went to work for the debtor, d/b/a Brower's Security Patrol, in the summer of 1978 and was killed on March 14, 1979, in an incident arising out of and in the course of his employment. Thereafter Mrs. Hamilton sued the debtor in Bernalillo County District Court, obtaining a judgment November 26, 1980. The state court found that the debtor was an employer covered by the Workmen's Compensation Act of the State of New Mexico, N.M.Stat.Ann. Sections 52–1–1 *et seq.* (1978), but had no policy of worker's compensation insurance in force and effect on the date of Mr. Hamilton's death. The court found that Mrs. Hamilton was, as the dependent widow of Mr. Hamilton, entitled to recover $71.03 a week until her death, remarriage, or the expiration of 600 weeks from March 15, 1979, whichever occurred first. The court found that Mrs. Hamilton was also entitled to $1,400.00 as and for funeral expenses of the decedent and $1,300.00 as and for attorney fees. The debtor filed his bankruptcy petition on December 15, 1980, and Mrs. Hamilton timely filed a complaint to determine the dischargeability of debt. Mrs. Hamilton alleges the debt is nondischargeable under 11 U.S.C. Section 523(a)(2), Section 523(a)(4), and Section 523(a)(6).

### Conclusions of Law

No evidence was presented as to the debtor's being in a fiduciary relationship to the deceased or Mrs. Hamilton. Accordingly, debtor's motion to dismiss as to this ground for nondischargeability was granted.

Similarly, Mrs. Hamilton failed to show by clear and convincing evidence, *Gomes v. Williams,* 420 F.2d 1364 (10th Cir. 1970); *Sauter v. St. Michael's College,* 70 N.M. 380, 374 P.2d 134 (1962), that Mrs. Hamilton or the deceased relied on the debtor's representations or that the debtor made representations with the intent to deceive, knowing that they were false. Having failed to so prove, Mrs. Hamilton's complaint to show nondischargeability under 11 U.S.C. Section 523(a)(4) cannot stand, *Arterburn v. Arterburn, (In re Arterburn),* 8 B.C.D. 629, 15 B.R. 189 (Bkrtcy.W.D.Okl. 1981); *Boatmen's North Hills Bank v. Brewood (In re Brewood),* 8 B.C.D. 483, 15 B.R. 211 (Bkrtcy.D.Kan.1981), and the debtor's motion to dismiss as to that section was also granted at trial.

The only remaining issue is Mrs. Hamilton's complaint based on 11 U.S.C. Section 523(a)(6) which denies the discharge of a debt for "willful and malicious injury by the debtor to another entity or to the property of another entity." Here we are considering the failure to carry worker's compensation insurance itself as a willful and malicious injury. In this regard, we concur with the well-reasoned opinion of

Judge Lessen in *Aldridge v. Scott (In re Scott)*, 5 C.B.C.2d 95, 13 B.R. 25 (Bkrtcy.C. D.Ill.1981) that failure to carry worker's compensation insurance may be negligent, but not willful and malicious. The case presented here is different, as it is alleged that there was actual false representation as to the fact of worker's compensation coverage. Mrs. Hamilton testified that without such insurance she would have forbidden her husband to work for the debtor. The Court does note, however, that upon being told that the debtor did not have worker's compensation insurance, but that he would look into it and obtain the same, the deceased did not quit or refuse to work until such insurance was in force and effect. Accordingly, we find the facts in *Aldridge, Id.*, identical for our purposes and agree with the result that the failure to carry worker's compensation insurance does not rise to the level of nondischargeability under Section 523(a)(6) of the Bankruptcy Code. Mrs. Hamilton's complaint cannot stand on any of the grounds presented, and the claim of Mrs. Hamilton against the debtor is hereby found to be dischargeable.

An appropriate order shall enter.