**In the Matter of Edward TAYLOR, Debtor.**

**Helen LONG, Plaintiff,**

v.

**Edward TAYLOR, Defendant.**

**Bankruptcy No. 82–908.
Adv. No. 82–545.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 17, 1983.

Stephen L. Kramer, Tampa, Fla., for plaintiff.

Jan Soeten, Jr., Brandon, Fla., for defendant.

FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the immediate matter under consideration is the dischargeability, vel non, of a debt admittedly owed by the Debtor, Edward Taylor to his former wife, Helen Long, who instituted this adversary proceeding. The Plaintiff seeks a judicial determination that the debt in the amount of $15,800 is a non-dischargeable debt pursuant to Bankruptcy Code Sections 523(a)(5), 523(a)(2)(A) or 523(a)(4).

The Court having considered the record, including testimony of witnesses, now finds and concludes as follows:

On November 1, 1975, the Debtor and Helen Long were married and approximate-

ly three weeks later, the Debtor, Long and Long's mother borrowed $11,800 from Security Pacific Finance Corporation. The loan was secured by a second deed of trust on Long's home. Although the Debtor and Long resided in the home during their marriage, the home belonged to Long before her marriage and the Debtor never acquired any interest in the same.

It is clear that from the total amount of $11,800, which the parties borrowed from Security Pacific Finance Corporation, approximately $10,640.44 was paid out to creditors of the Debtor. In fact, it appears that the proceeds of this loan were applied to obligations which the Debtor incurred during a previous marriage. The original loan has been twice refinanced and the Deed of Trust remains on the property.

On March 24, 1980, the Debtor and Long entered into a Marital Settlement Agreement whereby both parties agreed to waive "any and all spousal support and other rights to support . . ." In addition, the parties agreed that the " . . . Husband shall pay for and discharge the Promissory Note secured by the second (junior) Deed of Trust in said residential property and hold Respondent harmless therefrom . . ."

In accordance with the Marital Settlement Agreement, the Debtor made all payments on the Deed of Trust from April, 1980 to February, 1982. On April 10, 1982, the Debtor filed a voluntary petition for relief pursuant to Chapter 7, listed Long as an unsecured creditor and ceased making the payments.

Bankruptcy Code § 523(a)(5) provides:

"(a) A discharge under section 727, 1141 or 1328(b) of this title does not discharge an individual debtor from any debt—
(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of both spouse or child in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—
(A) such debt is assigned to another entity voluntarily, by operation of law, or otherwise; or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

11 U.S.C. § 523(a)(5). The legislative history provides, "Section 523(a)(5) is a compromise between the House Bill and the Senate Amendment. . . . If the debtor has assumed an obligation of the debtor's spouse to a third party in connection with a separation agreement, property settlement agreement, or divorce proceeding, *such debt is dischargeable to the extent that payment of the debt by the debtor is not actually in the nature of alimony, maintenance or support of debtor's spouse, former spouse, or child,* (emphasis supplied) 124 Cong.Rec.H. 11,-095–6 (Sept. 28, 1978); S. 17,412–13 (Oct. 6, 1978). Thus, the question before the court is whether the obligation incurred by the Debtor by virtue of the Marital Settlement Agreement is in the nature of alimony, maintenance or support.

What constitutes alimony, maintenance and support within the meaning of § 523(a)(5) is to be determined under bankruptcy law and not state law. *Wiser v. Wiser (In re Wiser)*, 22 B.R. 381, 382 (Bkrtcy.M.D.Fla.1982); *Newman v. Newman (In re Newman)*, 15 B.R. 67 (Bkrtcy.M.D.Fla.1981). In addition, the label placed on the obligation by the parties is not necessarily determinative of its actual character. *Wiser v. Wiser, supra.*

Having considered the entire record, this Court is of the opinion that the $15,800 debt is in the nature of support rather than a property settlement. In this case, Long was debt-free when she entered the marital relationship with the Debtor. The home, which became the marital residence, was owned by Long individually, before and during the marriage. In addition, Long executed a second deed of trust on the residence in order to borrow money to satisfy obligations which the Debtor incurred during a previous marriage. Long then waived her rights to alimony or support only upon the Debtor's agreement to assume the second mortgage payments.

Clearly, the obligation serves a support function by providing for the preservation of Long's personal residence, and is, therefore, non-dischargeable pursuant to § 523(a)(5).

A separate final judgment will be entered in accordance with the foregoing.