In re Allen HILLER, aka David Allen Hiller, Debtor.

Jacqueline A. RAMSEY, Plaintiff,

v.

Allen HILLER, aka David Allen Hiller, Defendant.

Bankruptcy No. 83–0840.
Related Case: 83–01618.

United States Bankruptcy Court,
N.D. Ohio, W.D.

Nov. 16, 1984.

corporation has sufficient working capital to support its operation.

Kevin Taylor, Van Wert, Ohio, for plaintiff.

Charles F. Kennedy, III, Van Wert, Ohio, for defendant-debtor.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Complaint to Determine Dischargeability. The parties have agreed that the issues addressed by this Complaint are primarily issues of law which may be decided by the Court based upon the submission of written arguments. Each of the parties have filed such arguments and has had the opportunity to respond to the contentions made by opposing counsel. The Court has reviewed those arguments along with the Exhibits and Affidavits attached thereto. Based upon that review and for the follow-

ing reasons, the Court finds that the debts addressed by the Complaint are dischargeable in part and nondischargeable in part.

## FACTS

The facts in this case do not appear to be in dispute. The parties to this adversary action were married on November 20, 1980. However, on October 8, 1982, they entered into a separation agreement which was later incorporated into a decree of divorce that was granted on December 2, 1982, by the Van Wert County Court of Common Pleas. The Complaint in this case addresses the provision of that decree which states:

"The Husband agrees to pay to the Wife the sum of One Thousand Dollars ($1,000.00) to be secured by promissory note with no interest. Said note shall be paid in full within ten months after date of this Agreement."

It also addresses the provision which states:

"The Husband agrees to pay the Master Charge accounts and the Visa Accounts presently in the approximate amount of One Thousand Two Hundred Dollars ($1,200.00) and each party agrees to incur no further credit against the other party. Each party further agrees to pay all of his or her debts presently standing in their respective names and to acknowledge that no charges against the other's credit since the date of separation are effective and binding but rather the obligation of the party so incurring the debt."

Although the precise intent behind the first provision is unclear, it appears as though it was intended as a repayment of money brought into the marriage by the Plaintiff and used for the purchase of a vehicle. As for the second provision, it involves credit card accounts on which both the Plaintiff and the Defendant-Debtor are jointly and severally liable.

At the time the divorce decree was granted, there was an outstanding balance on the accounts of One Thousand Two Hundred Seventeen and 94/100 Dollars

($1,217.94). However, between that time and September 21, 1983, at which time the accounts were closed by the creditors, the Debtor had incurred Eight Hundred Sixty and no/100 Dollars ($860.00) of additional charges against the account. He had also made Nine Hundred Sixty and no/100 Dollars ($960.00) in payments. When the accounts were closed there remained an unpaid balance of One Thousand Three Hundred Thirty-three and 25/100 Dollars ($1,333.25) plus accruing interest. On September 12, 1983, the Debtor filed his voluntary Chapter 7 Petition with this Court, and on January 3, 1984, received his discharge.

## LAW

The Complaint presently before the Court seeks a determination as to the dischargeability of the Debtor's obligations under the divorce decree. The allegations of nondischargeability are made pursuant to the provisions of 11 U.S.C. § 523(a) which states in pertinent part:

"(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(2) for obtaining money, property, services, or an extension, renewal, or refinance of credit, by—

(A) false pretenses, a false representation, or actual fraud ..."

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of both spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support ..."

Specifically, the Plaintiff alleges that the promissory note and the obligation to pay the balances that existed as of the date of the decree constitute alimony, maintenance, and support within the contemplation of the Bankruptcy Code. She also alleges that his agreement not to incur further

debts on her credit was fraudulently made, inasmuch as he later received cash advances on those accounts.

It is well settled that when deciding the dischargeability of obligations imposed by a divorce decree, the Bankruptcy Court must review such obligations with the purpose of determining which debts are actually in the nature of alimony, maintenance, and support, and which are actually property settlements. Those that are support for the former family will not be discharged, whereas those that are property settlements will be discharged. *Hoover v. Hoover (In re Hoover)*, 14 B.R. 592 (Bkcy. N.D.Ohio 1981), *Conrad v. Conrad (In re Conrad)*, 33 B.R. 601 (Bkcy.N.D.Ohio 1983). When making this determination, the Court may consider such factors as the disparity of earning power between the parties, the need for economic support or stability, and the circumstances surrounding the parties' separation. *Hoover v. Hoover*, supra.

It is also well settled that when alleging fraud, a plaintiff must prove that: 1) the defendant made a representation, 2) that the representation was false, 3) that it was made with the intent to deceive, 4) that the plaintiff reasonably relied on the representation, and 5) that the plaintiff incurred damages as the result of the reliance. *Chalmers v. Benson (In re Benson)*, 33 B.R. 572 (Bkcy.N.D.Ohio 1983). If any of the elements is unproven or absent, a cause of action based upon fraud cannot prevail. *Simmons v. Landon (In re Landon)*, 37 B.R. 568 (Bkcy.N.D.Ohio 1984).

In the present case, it appears as though the promissory note executed by the Defendant was the return of property brought into the marriage by the Plaintiff. This conclusion is made evident by the fact that the obligation was established at a conspicuous sum, that the time in which the note was to be paid was both fixed and short, that the payments were not made contingent upon the death or remarriage of the Plaintiff, and that the obligation was set forth in the decree under the heading "Division of Property." These factors support the Defendants contentions that the note did, in fact, constitute a return of money rather than a contribution toward her ongoing support. Although the Plaintiff's Affidavit indicates that this money was to be used by her for her own support during the period of financial difficulties which followed the divorce, this fact alone is insufficient to change the character of the underlying transaction. Based upon these circumstances, it must be concluded that the unsecured note represents a compromise between the parties with regard to a property dispute. As such, it is a debt for which relief under the Bankruptcy Code may be granted.

The second issue to be addressed is whether or not the Defendant's obligation under the divorce decree to pay the outstanding credit card balances existing at the time of the decree is alimony, maintenance, or support. In making this determination, it is necessary for this Court to either review the specific nature of those items purchased on credit, *see, Smotherman v. Smotherman (In re Smotherman)*, 30 B.R. 568 (Bkcy.N.D.Ohio 1983), or to determine whether in the scheme of obligations imposed by the decree, payment of those debts effectively operates as maintenance and support. *See, Huggins v. Huggins (In re Huggins)*, 12 B.R. 850 (Bkcy.D. Kan.1981).

A review of the record finds that there is no evidence as to the items that were purchased on the credit card accounts prior to the divorce decree. There is also no indication from the decree or the circumstances of this case that the Defendant's obligation to pay the pre-divorce balances would contribute to the continuing support of the Plaintiff. The import of the entire agreement is that the parties intended to resolve all property disputes and go their separate ways. In light of this expression of intent and the absence of any evidence as to the nature of the purchases the Court must conclude that the debts owed on the credit card accounts are dischargeable, subject to the conditions which will be set forth later in this Opinion.

■ As to the Plaintiff's allegations of fraud, it does not appear as though the Defendant's use of the credit card subsequent to the divorce decree was wrongful. Although the Defendant made a representation to the Plaintiff that he would not incur further debts on her credit, there has been no showing, nor is it readily ascertainable from the circumstances of the case, that the intent to deceive existed concurrently with the representation. Moreover, it does not appear that such a wrongful intent ever existed. This conclusion is drawn from the fact that the Defendant was made responsible for the accounts by the divorce decree. He continued to make regular payments on the accounts and used them in a fashion which indicates that he believed that the credit was available to him. There is nothing within the record which indicates that the use of the credit cards was anything more than an inadvertent violation of the separation agreement. As will be discussed, this use has other implications. However, the Court must conclude that the post-divorce use of the credit cards was not fraudulent.

The conclusions just reached, although resolving the specific allegations made by the Plaintiff, do not adequately resolve the equitable considerations that must be given to the relationship of the parties. While the Plaintiff's assertions of fraud address the post-divorce charges made on the accounts, her allegations of alimony, maintenance, and support address the entire balance owing on the accounts. As previously concluded, the obligation to pay the pre-divorce balances on the accounts is not maintenance or support and is, therefore, dischargeable. However, because the post-divorce charges are contractually binding upon her, and because they were made in contravention of the divorce decree, these factors will be given separate attention.

As previously indicated, the determination as to what obligations constitute alimony, maintenance, and support will be decided according to bankruptcy law rather than state law. *Long v. Taylor (Matter of Taylor)*, 34 B.R. 19 (Bkcy.M.D.Fla.1983), *Daviau v. Daviau (In re Daviau)*, 16 B.R. 421 (Bkcy.D.Mass.1982). In most circumstances, the obligations involved in these disputes entail a positive duty on the part of the debtor to perform some act that operates in support of the former spouse. However, there have also been circumstances wherein the Courts have held nondischargeable the debtor's obligation to provide protection against future financial hardships that could befall the spouse. *See for example Evans v. Evans (In re Evans)*, 4 B.R. 232 (Bkcy.S.D.Ala.1980), *Lineberry v. Lineberry (In re Lineberry)*, 9 B.R. 700 (Bkcy.W.D.Mo.1981). In these cases, the Courts have found the divorce decree's requirement that the debtor maintain life insurance on himself, or health insurance on his former family, an obligation that is nondischargeable in bankruptcy.

Although the payment of insurance premiums may be a positive duty, the protection against possible future indebtedness is the actual protection afforded the former spouse. Stated differently, the debtor has provided for the possibility that the former spouse would incur further indebtedness as the result of the marriage which, except for the marriage, he would otherwise not be responsible. Such protection has the effect of maintaining the integrity and autonomy of the separate relationships which were sought by the parties in the divorce proceedings.

■ Applying this reasoning to the case at hand, it is apparent from the language of the decree that the parties intended not to incur further debts against the credit of the other. By doing so they maintain the autonomy of their financial affairs and protect each other from further obligations for which they are mutually responsible. However, this protection can be found to have the effect of maintenance and support. By not further encumbering the Plaintiff on a joint credit arrangement the Defendant does, in fact, contribute to the Plaintiff's financial status by protecting her from future indebtedness. Inasmuch as the parties were apparently aware that

the Plaintiff would face financial difficulties immediately after the divorce, the Defendant's duty not to add to those hardships has the effect of maintaining and supporting her individual financial posture. Stated differently, the Defendant's agreement not to incur further debts on the accounts protects the Plaintiff from liability that arose from the marital relationship. This protection is of special importance to the Plaintiff, in light of the evidence which indicated that her employment is uncertain and that she is of limited financial means.

While the Plaintiff may have been able to remove her name from the credit contract, the necessity and incentive to do so was nullified by the terms of the decree. In this respect, the Defendant has further supported the Plaintiff by providing her a readily available source of credit, and receiving in return her promise to remain ultimately liable for any charges made against it. It is recognized that this construction of the decree does not fall within the customary definition of what constitutes maintenance and support. Nevertheless, this Court, as a Court of equity, concludes that the approach is both reasonable and equitable within the circumstances of this case. Accordingly, any breach of this clause of the divorce decree would be a nondischargeable debt.

The only remaining question involves the identity of the parties against whom the finding of nondischargeability is effective. Credit card debts are the type of obligations for which a petitioner under Chapter 7 may seek relief. The Defendant's discharge has already extinguished any effort by the lenders to collect on the obligation. This leaves, as their only recourse, an action against the Plaintiff. In the absence of bankruptcy, if the lenders chose to proceed against the Plaintiff first, which, because of the joint and several liability, they would have the right to do, she would have a cause of action against the Defendant for breach of the divorce decree. However, because the Plaintiff had knowledge of the Debtor's Petition and the opportunity to submit a claim, this contingent cause of action would also be discharged. *See,* 11 U.S.C. §§ 523(a)(3), 524(a)(2). Accordingly the proper remedy would be to hold that the Plaintiff's cause of action based upon the Defendant's breach of the relevant portion of the divorce decree will be held nondischargeable up to the amount of Eight Hundred Sixty and no/100 Dollars ($860.00).

In reaching these conclusions the Court has considered all the evidence and arguments of counsel, regardless of whether or not they were specifically referred to in this Opinion.

It is ORDERED that the debt or Nine Hundred and no/100 Dollars ($900.00) resulting from the execution of the promissory note be, and is hereby, held DISCHARGEABLE.

It is FURTHER ORDERED that the debt owing on the credit card accounts be, and is hereby, held DISCHARGEABLE as to the lending institutions extending that credit.

It is FURTHER ORDERED that the Debtor's obligation to pay the outstanding balances on the credit card accounts be, and is hereby, held DISCHARGEABLE in the amount of Four Hundred Seventy-three and 25/100 Dollars ($473.25) plus pro rata interest.

It is FURTHER ORDERED that the Plaintiff's cause of action, based upon the clause of the parties' divorce decree which requires the parties not to incur further debts on the credit of the other, be, and is hereby, held NONDISCHARGEABLE in the amount of Eight Hundred Sixty and no/100 Dollars ($860.00) plus pro rata interest.