**In re Larry SHIMP, Debtor.**

**Larry Charles SHIMP, Plaintiff,**

v.

**Gayle A. SHIMP, Defendant.**

**Bankruptcy No. 84–0211.**
**Related Case No. 84–00035.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

Feb. 13, 1986.

Timothy C. Hamman, Lima, Ohio, for plaintiff.

Anthony J. Bowers, Lima, Ohio, for defendant.

### MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Amended Complaint filed by the Plain-

tiff-Debtor in the above entitled adversary action. The original Complaint filed in this case sought to enjoin the Defendant from proceeding with a Contempt action that she had filed against the Debtor in the Allen County Court of Common Pleas. In that action, the Defendant sought an Order enforcing the provisions of a divorce decree, whereby the Debtor was to hold the Defendant harmless on a mutual obligation to Associates Financial Services (hereinafter Associates). It appears that prior procedural issues which have arisen in this case have been resolved, and that the parties have requested this Court to make a determination as to the dischargeability of the obligation imposed by the divorce decree as it relates to the debt to Associates. In that regard, the parties have submitted a Stipulation of Facts to the Court and have had the opportunity to file any written arguments they wish the Court to consider. The Court has reviewed the Stipulation, the arguments, and the entire record in this case. Based upon that review, and for the following reasons the Court finds that the debt is DISCHARGEABLE IN PART and NONDISCHARGEABLE IN PART.

## FACTS

The facts in this case are not in dispute. The parties were married on or about January 15, 1983. One child was born during this union. At some time during the marriage the parties received a loan from Associates. The parties to this proceeding are jointly and severally liable on that obligation. As indicated in the Stipulation of Facts, the proceeds of the loan were used to purchase furniture, to make repairs to their residence, and for personal expenses. The original amount of the loan and the amounts applied to each of these purposes is unclear.

On October 26, 1983, the Defendant filed a Complaint for divorce in the Allen County Court of Common Pleas. The Debtor filed his voluntary Chapter 7 Petition with this Court on January 7, 1984. In the Schedules filed with that Petition, the Debtor listed the debt to Associates as a secured

obligation in the amount of Two Thousand Forty-six and no/100 Dollars ($2,046.00). He also listed an unsecured obligation to his wife as a result of the pending domestic relations action.

On March 28, 1984, the Allen County Court issued a decree of divorce. As a part of that decree, the Court Ordered that the Debtor would be liable for the debt to Associates, and that he would hold the Defendant harmless on that obligation. The Court also made specific provisions as to child support and visitation. There was no provision made for the payment of alimony. The Court further Ordered that the parties would be awarded the property that was in their possession as of the time of the decree. It appears that the Debtor received the furniture that was purchased with the loan in question.

The action presently before the Court seeks a determination as to the dischargeability of the debt owed to Associates. Specifically, the question raised in this proceeding involves the determination as to what, if any, part of the obligation to Associates is dischargeable as a result of the fact that that obligation was addressed in the Order of the Allen County Court of Common Pleas.

## LAW

■ The provisions of 11 U.S.C. Section 523(a)(5) state in pertinent part:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or other order of a court of record or property settlement agreement, but not to the extent that—

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support ...

Under this provision, those obligations which are imposed by a divorce decree, and which are in the nature of alimony maintenance and support, are not dischargeable in a proceeding under Chapter 7. In that regard, it is well established that the Bankruptcy Court does not have to accept as determinative the provisions of a divorce decree which establish an obligation imposed thereunder as alimony, maintenance, and support or as a property settlement. Rather, the provisions of 11 U.S.C. Section 523(a)(5) clearly provide that the Bankruptcy Court has the prerogative to look behind the divorce decree and determine whether or not an obligation is actually in the nature of alimony, maintenance, and support, or whether it constitutes a property settlement. *See, Kline v. Kline (In re Kline)*, 42 B.R. 141 (Bkcy.N.D.Ohio 1984), *Conrad v. Conrad (In re Conrad)*, 33 B.R. 601 (Bkcy.N.D.Ohio 1983).

Before the Court can proceed with a determination as to the dischargeability of the debt in question, it must first be noted that the record does not make clear the amounts of the loan which were applied to each of the purposes set forth in the Stipulation of Facts. The nature of each of these purposes is determinative of whether or not the proceeds applied thereto are dischargeable. Therefore, this Court cannot make a dispositive finding as to the amounts to be held dischargeable and nondischargeable. However, the record is sufficient for this Court to make a determination as to the dischargeability of the proceeds which were applied to any given purpose. Accordingly, this Court will proceed with that finding. The Court will, at a later time, afford the parties the opportunity to present evidence as to the respective amounts that were spent on each activity. When that has been accomplished, the Court will then be able to determine the percentages of the total loan that were applied to each purpose, and will be able to apportion the dischargeability and nondischargeability of the remaining debt.

In the present case, it appears that the proceeds of the loan were used for several purposes. In part, they were used to purchase furniture which, as a result of the decree, remained in the possession of the Debtor. Since this part of the debt goes toward paying for property that is in the Debtor's possession, it cannot be said that the continuing obligation contributes anything towards the support and maintenance of the Debtor's former family. Therefore, it must be concluded that the percentage of the outstanding balance which is attributable to the purchase of the furniture is in the nature of a property settlement and is dischargeable.

A further review of the Stipulation of Facts finds that part of the proceeds were used to accomplish some repairs to the parties' residence. The effectuation of repairs to one's residence can be characterized as maintenance and support, inasmuch as such repairs would be in furtherance of the requirement that the Debtor provide his family with an adequate place to live. *See, Conrad v. Conrad*, supra. Accordingly, that portion of the debt which was applied to repairs must be considered to be in the nature of support and, therefore, is nondischargeable.

Finally, the Stipulation of Facts indicates that the remaining proceeds were used for personal expenses. The specific purpose towards which they were used is unclear. In the absence of such evidence, it must be presumed that they were applied towards the benefit or enjoyment of the members of the family. In that event, the obligation can be said to have arisen from an activity which supported the welfare of the family. Since the Debtor had a duty to provide for the well being of his wife and child, then the financial obligation attendant to that duty can accurately be characterized as maintenance and support. Accordingly, the repayment of the percentage of the debt which was not used for the purchase of furniture, or for repairs, would be in the nature of maintenance and support and would not be dischargeable.

It should be noted that the Court is cognizant of the argument which asserts

that the "hold harmless" clause operates in a fashion so as to make payment of the entire obligation to Associates in the nature of alimony and support. However, "hold harmless" clauses do not, in and of themselves, constrain the Bankruptcy Court to find that such obligations are maintenance and support. *See, Conrad v. Conrad,* supra. They can only be found to maintenance and support if the clause, taken as a whole, operates in that manner. Otherwise, as in the present case, the items which fall under the clause must be taken individually.

Therefore, based upon the foregoing analysis, it must be concluded that the debt to Associates is nondischargeable to the extent the proceeds of the loan were used for personal expenses, and to the extent they were used to affectuate the repairs to the residence. It must also be concluded that the debt is dischargeable to the extent the proceeds were used to purchase the furniture.

In reaching these conclusions the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

It is ORDERED that a Hearing be, and is hereby, set for Wednesday, March 19, 1986, at 1:30 o'clock P.M., in Courtroom No. 2, United States Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio. The purpose of this Hearing will be for the presentation of evidence that is consistent with the issues addressed in this Opinion.